UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARCUS HARRIS,

    Plaintiff,

v.                                Case No: 5:21-cv-211-BJD-PRL

E. MAYO, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Marcus Harris, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1). The Court granted his motion to proceed in forma pauperis, see Order (Doc. 6), and directed him to file an amended complaint because his original one was deficient in a number of ways, see Order to Amend (Doc. 7).

In the Order to Amend, the Court advised Plaintiff he had failed to set forth his claims adequately and informed him of the following: (1) a prison official who holds a supervisory position may not be held liable under 42 U.S.C. § 1983 simply because a correctional institution staff member violated an inmate's constitutional rights; (2) medical negligence is not actionable as deliberate indifference under § 1983; (3) in a complaint, a plaintiff must clearly identify the defendants and explain how all defendants allegedly violated his

rights; (4) filing a grievance with a prison official does not make that official liable under § 1983 for the alleged unconstitutional act brought to light by the grievance; and (5) the decision to bring criminal charges against someone lies with the state attorney's office, not a district court. See Order to Amend (Doc. 7). In addition, the Court told Plaintiff his amended complaint must comply with federal pleading standards and the Court's Order. Id.

As in his original complaint, Plaintiff alleges in his amended complaint (Doc. 9; Am. Compl.) that prison medical providers (Defendants Blackman, a doctor, and Bond, a nurse) prescribed a medication (Bactrium)[1] to treat an infection caused by a spider bite. See Am. Compl. at 6. The Bactrim made Plaintiff "experience a hot burning sensation," so he returned to the medical unit. Id. A nurse, Defendant Magloire or Magliore[2] told him the symptoms he described were common side-effects of Bactrim. Id. Days later, however, Plaintiff "began to experience the full detrimental effects of an allergic reaction," and he collapsed in his cell. Id. His cellmate called for help, and Defendant Emery, an officer, responded. Id.

---

[1] It appears Plaintiff means "Bactrim," an antibiotic. See Bactrim product description by the Food and Drug Administration, available at https://www.accessdata.fda.gov/drugsatfda_docs/label/2003/17377slr057_Bactrim_lbl.pdf (last visited Oct. 21, 2021). The Court will use the proper spelling from now on.

[2] Plaintiff uses both spellings. The Court will reference this Defendant as "Nurse M."

In the medical unit, Defendant Tipsword, a nurse, diagnosed a "severe allergic reaction," which Plaintiff explains resulted in first degree burns all over his body. Id. at 6-7. Nurse Tipsword discontinued the Bactrim and started Plaintiff on Augmentin instead. Id. at 6. After nine days, two medical providers (D. Rodriguez and S. Butler) gave Plaintiff separate doses of Bactrim instead of Augmentin, which caused him to suffer another allergic reaction. Id. at 7.

Plaintiff contends Defendants' conduct violated his rights under the First, Eighth, and Fourteenth Amendments. Id. at 6. As relief, he seeks declaratory judgment, an injunction in the form of discipline or criminal charges against Defendants, and damages. Id. at 9.

Plaintiff has not corrected the deficiencies that made his original complaint insufficient. Despite the Court advising him of the relevant law and providing guidance on how to cure the deficiencies, Plaintiff again (1) includes as defendants individuals against whom he asserts no factual allegations; (2) references new defendants in his factual allegations who are not identified in the section of the complaint listing the parties; (3) seeks relief the Court may not grant (disciplinary action or criminal charges against defendants); and (4) seeks to proceed against medical providers under § 1983 based on mistakes or negligence.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se,

4

but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's amended complaint, liberally construed, states no constitutional claim. To state a claim under § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. First, Plaintiff does not assert factual allegations against the following Defendants: Defendants Woodard, Lovell, Proud, O. McKenzie, Centurion, and Wound Care. If Plaintiff seeks to hold these Defendants liable on a theory of vicarious liability, such a theory of liability is not viable under § 1983. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Second, Plaintiff fails to state a plausible claim under the First and Fourteenth Amendments. It appears the basis of these claims is Plaintiff's allegation that Defendants failed to "adhere to prescribed grievance procedures" or failed to make grievance forms available in a timely manner under the Florida Administrative Code. See Am. Compl. at 7-8. Plaintiff provides no factual support for these assertions, nor does he specify which Defendants engaged in such conduct. Regardless, "a prison grievance

procedure does not provide an inmate with a constitutionally protected interest." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). And "the procedural component of the Due Process Clause does not require the States to comply with state-created procedural rules." Gissendaner v. Comm'r, Ga. Dep't of Corr., 794 F.3d 1327, 1330 (11th Cir. 2015).

Plaintiff also says Defendants' conduct deprived him of "[e]qual protection and treatment of law." See Am. Compl. at 6. Plaintiff does not explain this assertion, nor does he allege facts that would implicate the Equal Protection Clause. "To establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). In no way can Plaintiff's allegations be liberally construed to suggest he is a member of a protected class who was treated less favorably than others similarly situated.

Finally, Plaintiff fails to allege facts permitting the reasonable inference the Defendants directly or indirectly involved with his medical care "acted with a state of mind that constituted deliberate indifference" to a serious medical need in violation of the Eighth Amendment. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). A claim for deliberate indifference to a serious illness

6

or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson, 598 F.3d at 737 (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

Plaintiff alleges the following Defendants were involved with his medical care in some way: Blackman, Bond, Tipsword, Nurse M., Rodriguez, Butler,

7

and Emery.[3] Accepting that Plaintiff's allergic reaction was a serious illness or injury, he does not describe medical care that was "so grossly incompetent, inadequate, or excessive as to shock the conscience." Id. Instead, he alleges the medical providers responded to his requests for medical attention and prescribed a course of treatment for him. See Am. Compl. at 6-7. What he disputes is the type of treatment provided and the relevant Defendants' medical judgments. He essentially asks the Court to "second guess [the Defendants'] medical judgments," which the Court is reluctant to do for the reasons that follow. Hamm, 774 F.2d at 1575.

Plaintiff does not allege any medical provider intentionally gave him Bactrim knowing he was allergic to it. Plaintiff immediately reported to Nurse M. that he was experiencing "burning and discomfort," which Nurse M. told him were symptoms commonly associated with taking Bactrim. See Am. Compl. at 6. Nurse M. did not ignore Plaintiff's complaints. While her assessment appears to have been wrong, Plaintiff alleges no facts suggesting Nurse M. knew Plaintiff was suffering an allergic reaction and refused to treat him accordingly. Any failure by Nurse M. to recognize Plaintiff was suffering an allergic reaction amounts to negligence.

---

[3] In the section of the complaint identifying the parties, Plaintiff lists one other nurse—O. McKenzie—but he does not later explain whether or how this nurse was involved. See Am. Compl. at 3, 6-7.

8

Similarly, Plaintiff alleges conduct by D. Rodriguez and S. Butler that amounts to negligence. Plaintiff asserts D. Rodriguez and S. Butler "indifferently, callously, maliciously and/or inadvertently dosed [him] with the wrong medication [Bactrim]" nine days after Nurse Tipsword discontinued it, causing him to experience "another bout of pain and suffering." Id. at 7. Plaintiff wholly fails to support his conclusory assertions of "indifferen[ce]" and "malic[e]" with factual allegations. His use of buzzwords associated with a deliberate indifference claim is not enough. As such, these assertions amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. See also Vielma v. Gruler, 808 F. App'x 872, 884 n.10 (11th Cir. 2020) (noting the district court's dismissal of a deliberate indifference claim against the city was correct because the plaintiffs provided no factual content to buttress their "legal conclusions and constitutional buzzwords" that the city had failed to train its officers).

Plaintiff alleges no facts that, accepted as true, permit the reasonable inference Defendants Rodriguez or Butler intentionally gave him Bactrim knowing about the allergic reaction he previously suffered. While Defendants Rodriguez and Butler should have known from reviewing Plaintiff's prison medical chart that he was allergic to Bactrim, Plaintiff does not allege they in

9

fact did know and with that knowledge gave him Bactrim anyway. Notably, Plaintiff alleges he was prescribed Prednisone to treat his allergic reaction, which arose after the second mistaken dose, suggesting Defendants did not intentionally give him the wrong medication. See Am. Compl. at 7.

As to Nurse Tipsword, Plaintiff does not allege conduct that can even be described as negligent. Id. at 6. Plaintiff appears to name Nurse Tipsword as a Defendant merely because Nurse Tipsword was the one who ultimately diagnosed the first allergic reaction and discontinued Bactrim. Id. Plaintiff's allegations show Nurse Tipsword was responsive to his medical condition.[4] Id. Similarly, Plaintiff appears to name Defendant Emery, an officer, merely because Defendant Emery was tangentially involved in the events. Plaintiff alleges Defendant Emery responded when Plaintiff collapsed inside his cell. Id. Plaintiff does not allege Defendant Emery ignored his obvious need for medical attention but rather concedes that after Defendant Emery came to his cell, he was evaluated by Nurse Tipsword. Id.

For the reasons stated, Plaintiff fails to state a plausible Eighth Amendment deliberate indifference claim against Defendants Blackman, Bond, Tipsword, Nurse M., Rodriguez, Butler, and Emery.

---

[4] Even if Nurse Tipsword did not properly update Plaintiff's medical chart or failed to communicate to other nurses that he should not receive Bactrim (which Plaintiff does not allege), such oversights suggest negligence.

Because Plaintiff's amended complaint fails to state a plausible claim under § 1983, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a new civil rights case if he chooses to do so.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of October 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Marcus Harris